EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD
COMPANY *v.* SAMUEL SMITH.

1. NEGLIGENCE. *Employee. Charge of court.* In action by employee
against railroad company for personal injury resulting from negli-
gence in equipment of a hand-car, wherein contributory negligence
was a defense, the following charge on that subject was held not pos-
itive error : "If the handle of the lever was defective, and such de-
fect was known to the plaintiff, and he accepted, or continued in its
service, using the same with full knowledge of the defects, he could
not recover;" and "if the plaintiff might, by the exercise of ordinary
care, have escaped the injury, he cannot recover."

2. REVERSAL ON FACTS. The Supreme Court will not disturb a verdict,
"though the jury might well have found the weight of proof to be the
other way."

FROM SULLIVAN.

Appeal in error from the Law Court at Bristol.
N. HACKER, J.

N. M. TAYLOR and W. D. HAYNES for Railroad.

BAILEY & McCROSKEY for Smith.

McFARLAND, J., delivered the opinion of the court.

This action was brought by Smith. In his decla-
ration he avers that he was an employee of the rail-
road company as a "section hand," and while so
employed received serious injuries in consequence of
gross negligence and want of caution upon the part of
the company in respect to a defect in the machinery
and equipping of a hand-car placed on the road for the

use of the "section hands," which defect was known to the company, or might have been known by proper diligence.

The facts as deposed to by the plaintiff and others, are in substance that at the close of the day's work on the 2d of June, 1881, the plaintiff and the other section hands, in obedience to the orders of the "section boss," put the "tools" on the "hand-car" or "lever-car," and started with it to the tool chest, while moving in that direction and while plaintiff was standing on the front of the car and working one end of the lever, the handle broke, throwing him off in front of the car, which ran over him, injuring him badly. The handle was of wood and had been in use about a month. One witness says he examined the handle that was broken and he thought it looked "doaty" in the centre, or had something like a "dry rot," though he did not examine it carefully.

For the defendant the section boss proves that he examined the handle after it was broken, and it was perfectly sound—it was made of "red hickory," by one Beedleman. Beedleman proves that he made it, under a contract to make handles for the company, that it was cut from a "white hickory" tree, and was sound. He says, however, that it was one and a half inches in diameter where it went through the socket, and thinks it ought to have been larger to make it safe. He helped put in the handle but did not test its strength otherwise than by his eye. There was proof tending to show that at the time of the accident, the hands were endeavoring to run the car rapidly, so as

Railroad *v.* Smith.

to get out of a shower of rain.    Plaintiff had been in the employ, "off and on," for six years, most of the time as a "section hand."

The charge of the judge is made up, to a great degree, of extracts from various opinions of this court on kindred questions.    It embraces some matters not strictly applicable to the facts of the case, but probably not misleading.    Several propositions were submitted by the counsel of the defendant, which the court declined to give, except so far as embraced in his general charge. Without noticing these in detail, it is only necessary to consider whether there was any material error in regard to the vital and turning points in the case.

The only defect in the car attempted to be shown, was in the handle of the lever.    The defects in the handle were, that it was made of unsound wood, and was too small.    As to the first defect it was insisted for the company, that it was not responsible for latent defects when the article was purchased from a manufacturer.    The rule as established in *Railroad* v. *Jones*, 9 Heis., 27, is, that a railroad is not responsible for the negligence of a manufacturer from whom it purchases machinery.    That if the defect be such as could not be discovered by the company upon application of the proper tests, then it would not be liable, although the manufacturer might have discovered the defects. The judge's charge on this point is in the language of Judge Nicholson, in the case referred to.    It required no special skill or scientific knowledge to test the strength of a wooden lever or handle like the one described.

In respect to the defect in the size of the handle, the controlling question, undoubtedly was, whether or not the plaintiff had as full knowledge of this defect as any one else, that is to say, whethe rhe could not see the size of the handle, and may be supposed to have as sound judgment as to the probable strength of a handle of that size as any one, as the determination of such a matter required no special knowledge or scientific skill, and if with such knowledge, the plaintiff elected to continue in the service, he would be regarded as voluntarily electing himself tó take the risk?

This is the principle of the case of *Railroad* v. *Hodges,* relied upon by the counsel of the company. Upon this point the judge charged the jury " that if the handle of the lever-car was defective, and such defect was known to the plaintiff, and he accepted service, using the same, or continued using the same with full knowledge of the defects, he could not recover," and again, "if the plaintiff might, by the exercise of ordinary care, have escaped the injury, he could not recover."

The special requests on this point were not more directly applicable to the facts than the charge above given, in fact, the special requests on this point are somewhat more general than the language of the charge.

There is, therefore, no positive error in the charge or in the refusal to give the further instructions asked. The question then arises whether. there is evidence to support the verdict?

So far as the defect in the size of the handle is concerned, it is apparent that the plaintiff had full

knowledge and was as capable of judging the strain a handle of that size would probably bear, as any one else, and with this knowledge he continued its use at his own risk. The principle of the *Railroad* v. *Hodges* case, directly applies.

The verdict, then, must rest upon the proof that the handle was not of sound wood, and that this might have been discovered by the employees of the company who put it in, by reasonable care or testing its strength, and there is proof to this effect, and although the jury might well have found the weight of proof to be the other way, yet, under the rules of this court we cannot disturb the finding.

The judgment will be affirmed.